```
Timothy C. Williams, Esq., SBN 128520
D. Alexander Floum, Esq., SBN 152287
The Williams Firm
1850 Mt. Diablo Boulevard, Suite 340
Walnut Creek, California 94596
(925) 933-9800

Attorneys for Plaintiff,
MICHAEL MANN doing business as MM BIZ
```

**ORIGINAL FILED**
2007 JAN 11 PM 3:47
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____RM_____ DEPUTY

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MANN doing business as MM BIZ, <br><br> Plaintiff, <br><br> v. <br><br> AFN INVESTMENTS, LTD. an unknown entity, <br><br> Defendants. | '07 CV 0083 BEN CAB <br><br> VERIFIED COMPLAINT FOR: DECLARATORY RELIEF (28 USC § 2201; 15 USC § 1114(2)(d)(v)) <br><br> **BY FAX** |

Plaintiff, MICHAEL MANN doing business as MM BIZ (collectively "MM"), for causes of action against Defendant, AFN INVESTMENTS, LTD. an unknown entity, alleges as follows:

1. Plaintiff, MICHAEL MANN is, and at all times mentioned herein was, an individual, residing in the City of Bethesda, County of Montgomery, State of Maryland, and doing business as MM BIZ (collectively "MM" or "Plaintiff").

2. Plaintiff is informed and believes, and thereon alleges, that Defendant, AFN INVESTMENTS, LTD. ("AFN"), is, and at all times mentioned herein, was, an unknown entity, with its principal place of business in the City of Belton, County of Bell, State of Texas.

3. Plaintiff is informed and believes, and thereon alleges, that TIERRANET, INC., is a California corporation, with its principal place of business in the City of Poway, County of San

-1-
VERIFIED COMPLAINT FOR DECLARATORY RELIEF

12009936.tif - 1/11/2007 1:02:41 PM

Diego, State of California, and doing business as DOMAIN DISCOVER and DOMAINDISCOVER ("DOMAIN DISCOVER").

4. Jurisdiction and venue are proper in this Court. Specifically, DOMAIN DISCOVER's principal place of business is in Poway, California, in the County of San Diego, within this Court's jurisdiction. Moreover, Defendant, AFN, stipulated in a previous proceeding, described below, pursuant to the Internet Corporation for Assigned Names and Numbers' ("ICANN") Uniform Domain-Name Dispute-Resolution Policy ("UDRP"), that jurisdiction was proper in this Court, the judicial district in which DOMAIN DISCOVER is located. Paragraphs 1, 3(b)(xiii), and other provisions of ICANN's Rules for Uniform Domain Name Dispute Resolution Policy also provide for jurisdiction and venue in this Court.

5. Jurisdiction is also proper in this Court on an *in personam* basis pursuant to the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), and pursuant to other federal statutes, regulations, and case law.

**FIRST CAUSE OF ACTION**
(Declaratory Relief)
((28 USC § 2201; 15 USC § 1114(2)(d)(v))
(Against Defendant, AFN)

6. Plaintiff refers to the allegations contained in Paragraphs 1 through 5 inclusive, and incorporates those allegations herein as though fully set forth.

7. Plaintiff is a reputable business man who founded one of the world's largest companies providing direct navigation services, the delivery of targeted results on the World Wide Web of the Internet, as well as domain name registration, domain name transfer, web hosting services, and the buying and selling of generic and descriptive domain names, BuyDomains.com. Plaintiff sold a controlling interest in said company in February 2005.

8. Plaintiff, directly and indirectly through companies in which he invests, routinely creates websites and portals for valid business reasons.

9. Plaintiff never registers or offers for sale any domain names which he reasonably believes would infringe the rights of any trademark holder. Instead, Plaintiff and his companies solely invests in and sells domain names which, to the best of their knowledge and belief, they reasonably believe they are legally entitled to acquire and sell. In many cases, the domain names are either: (1) generic, i.e., can never be subject to any trademark claims because they only name the goods or services being provided; or (2) merely descriptive, i.e. are not subject to any trademark claims because they merely describe an attribute of the goods or services provided. It is basic hornbook law that neither generic or merely descriptive names are entitled to any trademark protection.

10. In addition to being a successful businessman, Plaintiff is a philanthropist. Plaintiff has registered hundreds of domain names solely for non-profit, public interest purposes, and which Plaintiff has given or leased to third parties at no cost whatsoever for their public interest usage.

11. On or about July 29, 2005, Plaintiff acquired the domain name <LABORFORCE.COM> (the "Domain Name") . Plaintiff acquired the Domain Name to develop into a business.

12. At the time that Plaintiff acquired the Domain Name, Plaintiff had no actual knowledge that any entity claimed trademark rights in the mark LABOR FORCE.

13. Indeed, the term "LABOR FORCE" is a generic or descriptive term. There are millions of references on the World Wide Web of the Internet to the phrase "LABOR FORCE", as shown through a search with the Google search engine. The term "Labor Force" is found in the dictionary, is used by federal and state governmental entities, and is understood by the public to mean the total number of employed or employable persons.

14. At least one third party, Laborsoft Corporation, owns a trademark for the mark

-3-
VERIFIED COMPLAINT FOR DECLARATORY RELIEF

LABOR FORCE.

15. Plaintiff is informed and believes, and thereon alleges, that even if the term LABOR FORCE was not generic or merely descriptive when Defendant, AFN, applied for trademark registrations of that name, the term LABOR FORCE has since become generic or merely descriptive, and has thus lost any trademark rights which it ever had, if any.

16. Plaintiff is further informed and believes, and thereon alleges, that Defendant, AFN, has abandoned any trademark rights which it had, if any.

17. For all of the above-described reasons, and as will be demonstrated at trial, Plaintiff registered the Domain Name in good faith.

18. Moreover, because Plaintiff desires to develop the Domain Name into a viable Internet and/or e-mail related business, and because domain names are a valuable property right that may only be taken away if a trademark user has exclusive rights to a protectable mark in the same class of goods or services, and given that the phrase LABOR FORCE is generic, merely descriptive, or not subject to exclusive ownership and enforcement by Defendant, AFN, Plaintiff has legitimate rights and/or legitimate interests in respect to the Domain Name.

19. In or about December 2006, the National Arbitration Forum (the "NAF") rendered a decision in a UDRP proceeding brought by Defendant, AFN, against Plaintiff, entitled *AFN Investments, Ltd. v. MM Biz*, being NAF Claim Number FA0610000819167. In its decision, NAF ruled that Plaintiff must transfer the Domain Name to Defendant, AFN. Plaintiff believes that NAF's decision was incorrect and that he can prove the same.

20. Indeed, if NAF's decision were correct, then no honest business could invest in or sell any generic or descriptive domain name for fear that someone claiming a trademark in some niche market would end up obtaining such domain name at no cost. This result is absurd. The secondary market for domain names is a multi-million dollar industry. Under AFN's

-4-
VERIFIED COMPLAINT FOR DECLARATORY RELIEF

1  interpretation of the law and facts, that market would be destroyed.

2  21. 28 U.S.C. § 2201 provides a basis for declaratory relief in the instant action.

3  22. In addition, declaratory relief is proper under 15 U.S.C. § 1114(2)(d)(v), which provides:

> A domain name registrant whose domain name has been suspended, disabled, or transferred under a policy described under clause (ii)(II) may, upon notice to the mark owner, file a civil action to establish that the registration or use of the domain name by such registrant is not unlawful under this chapter. The court may grant injunctive relief to the domain name registrant, including the reactivation of the domain name or transfer of the domain name to the domain name registrant.

23. An actual controversy has arisen and now exists between Plaintiff and Defendants concerning their respective rights and duties in the Domain Name. Plaintiff contends as follows: that Plaintiff is the rightful owner of the Domain Name and is entitled to its sole use and possession. Defendant, AFN, contends that it is entitled to the Domain Name. DOMAIN DISCOVER is the registrar for the Domain Name, and is awaiting an order of this Court to instruct it on whether the Domain Name should remain with Plaintiff or should be transferred to Defendant, AFN.

24. Plaintiff desires a judicial determination of his rights, obligations, and duties with respect to the Domain Name and a declaration that he possesses all right, title, and interest in and to the Domain Name as against any claim to the Domain Name by Defendant, AFN.

25. A judicial determination of Plaintiff's rights as to the Domain Name is necessary and appropriate at this time in order to determine whether Plaintiff can retain the Domain Name, in order to instruct DOMAIN DISCOVER on who owns the Domain Name and/or to instruct DOMAIN DISCOVER to transfer the Domain Name into the registry of the Court, and to avoid circuity and multiplicity of actions that will otherwise result from any separate action that must

1 | be brought against Defendant, AFN.

WHEREFORE, Plaintiff prays for judgment against Defendant, AFN, as follows:

1. For a judicial determination and declaration as to Plaintiff's right, title, and interest in and to the Domain Name which is the subject of this action;

2. For a judicial determination and declaration that Defendant, AFN, has no right, title or interest to the Domain Name that is the subject of this action, and that Plaintiff is the sole owner of the Domain Name;

3. For a judicial determination and declaration that DOMAIN DISCOVER should not transfer the Domain Name to Defendant, AFN, and should instead transfer the Domain Name into the registry of the Court;

4. For costs of suit herein; and

5. For such other and further relief as the Court may deem just and proper.

THE WILLIAMS FIRM

Dated: January 4, 2007

D. Alexander Floum, Esq.
Attorneys for Plaintiff, MICHAEL MANN
doing business as MM BIZ

## VERIFICATION

I, MICHAEL MANN, am the sole proprietor of MM BIZ, am the Plaintiff in this action, and make this verification on behalf of myself as an individual, and doing business as MM BIZ. I have read the foregoing Verified Complaint and know its contents. The matters stated in it are true of my own knowledge except as to those matters which are stated on information and belief, and to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the State of Maryland and under the laws of the State of California that the foregoing is true and correct. Executed this 11th day of January, 2006, at Bethesda, Maryland.

*/s/ MICHAEL MANN*

925 9339810 Case 3:07-cv-00083-BEN-CAB Document 1 Filed 01/11/07 Page 8 of 9 2/12
The Williams Firm 01:0 p.m. 01-11-2007

ORIGINAL

JS44
(Rev. 07/89)

## CIVIL COVER SHEET

FILED

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket 3: 48
sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

2007 JAN 11 PM 3: 48

I (a) PLAINTIFFS   MICHAEL MANN doing business as MM BIZ

DEFENDANTS   AFN INVESTMENTS, LTD. US an unknown entity   CLERK US DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   Bell County, TX
(IN U.S. PLAINTIFF CASES ONLY)

BY _____ DEPUTY

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
D. Alexander Floum (925) 933-9800
The Williams Firm
1850 Mt. Diablo Blvd., Suite 340
Walnut Creek, CA 94596

ATTORNEYS (IF KNOWN)

'07CV 0083 BEN CAB FAX
BY FAX

II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX (For Diversity Cases Only)   FOR PLAINTIFF AND ONE BOX FOR DEFENDANT

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

28 U.S.C. Section 2201 and 15 U.S.C. Section 1114(2)(d)(v). This is a declaratory relief action pursuant to

V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC881 | PROPERTY RIGHTS | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | PERSONAL PROPERTY | ☐ 650 Airline Regs | SOCIAL SECURITY | ☐ 810 Selective Service |
| | | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 862 Black Lung (923) | |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | LABOR | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC |
| ☐ 160 Stockholders Suits | | | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | | |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☒ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prisoner Conditions | | | |

VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)

☒ 1 Original Proceeding  ☐ 2 Removal from State Court  ☐ 3 Remanded from Appelate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

VII. REQUESTED IN COMPLAINT:   Declaratory Relief   ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23   DEMAND $ Costs & Attorneys Fees   Check YES only if demanded in complaint: JURY DEMAND: ☐ YES ☒ NO

VIII. RELATED CASES IF ANY (See Instructions):   JUDGE _____   Docket Number _____

DATE  1/11/2007   SIGNATURE OF ATTORNEY OF RECORD _____

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

133783 $350 Sea 1/11/07   12009936.tif - 1/11/2007 1:02:41 PM

```
        UNITED STATES
        DISTRICT COURT
     Southern District of California
          San Diego Division

         # 135783 -- A3
        January 11, 2007


  Code      Case #      Qty    Amount

  CV083760 3-07-CV-0783        60.00 CH
    Judge  - BENITEZ
  LV086400                    100.00 CH
  Z0510000                    195.00 CH


  Total->                     352.00



  FROM: CIVIL FILING
        MICHAEL BANN & ARC INVESTMENT
        LTD
```