# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| MICHAEL MANN, doing business as MM BIZ, <br><br>                Plaintiff, <br>vs. <br><br>AFN INVESTMENTS, LTD., <br><br>                Defendants. | CASE NO.: 07cv0083-BEN (CAB) <br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION [Docket No. 11]** |
|---|---|

Plaintiff Michael Mann ("Mann") brought the instant action in this Court under the Anticybersquatting Consumer Protection Act ("ACPA") to challenge a decision rendered by the National Arbitration Forum ("NAF") in an administrative proceeding. In its decision, NAF ordered Mann to transfer the domain name <LABORFORCE.COM> ("Domain Name") to Defendant AFN Investments, LTD. ("AFN"). Presently before the Court is AFN's Motion to Dismiss for Lack of Subject Matter Jurisdiction. For the reasons that follow, AFN's Motion is **DENIED**.

## I.

## FACTS[1]

Mann filed his Complaint on January 11, 2007, seeking declaratory relief concerning the

---

[1] The facts are taken from the Complaint and other supporting documents filed with this Court. Only relevant facts are stated.

Domain Name that has been ordered to be transferred to AFN by the National Arbitration Forum pursuant to the Uniform Domain Name Dispute Resolution Policy ("UDRP")[2]. Mann alleges that declaratory relief is proper under ACPA, 15 U.S.C. § 1114(2)(D)(v), which allows a domain name registrant whose domain name has been suspended, disabled, or transferred to file a civil action to establish that the registration or use of the domain name by such registrant is not unlawful. In support of his claim, Mann filed a "Declaration of Matthew Veling Regarding Deposit of Domain Name into the Registry of the Court" ("Declaration") on January 23, 2007. According to the Declaration, the Domain Name was deposited into the registry of the Court on January 18, 2007, by the registrar of the Domain Name.

## II.

## **DISCUSSION**

AFN seeks to dismiss the case for lack of subject matter jurisdiction on the ground that the Domain Name was not transferred into the registry of the Court until seven days after the Complaint was filed. As such, AFN argues, Mann failed to establish standing to assert its claim at the time of its filing under 15 U.S.C. § 1114(2)(D)(v), which requires the domain name in question to have been suspended, disabled, or transferred. As discussed below, the Court finds AFN's reasoning unpersuasive.

Federal courts are courts of limited jurisdiction and only have subject matter jurisdiction over cases arising under the Constitution, laws, or treaties of the United States or cases where there is diversity of citizenship between the parties. 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1332 (diversity jurisdiction); *see also Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). To determine whether a case arises under federal law and therefore confers federal-question jurisdiction on federal courts, a court will apply the "well-pleaded complaint rule" and examine plaintiff's properly pleaded complaint. *Caterpillar Inc. v. Williams*,

---

[2] UDRP is a policy that has been adopted by all accredited domain-name registrars for domain names ending in .com, .net, and .org. It is incorporated by reference into the Registration Agreement and sets forth terms and conditions in connection with a dispute over any registered domain names, including a mandatory administrative proceeding. Uniform Domain Name Dispute Resolution Policy, http://www.icann.org/udrp/udrp-policy-24oct99.htm.

1  482 U.S. 386, 392 (1987).  Here, Mann's sole claim is alleged under federal law,
2  15 U.S.C. § 1114(2)(D)(v).  As such, his cause of action arises under federal law for purpose of
3  federal-question jurisdiction under 28 U.S.C. § 1331.  *See Sallen v. Corinthians Licenciamentos*
4  *LTDA*, 273 F.3d 14, 23 (1st Cir. 2001) (finding that 15 U.S.C. § 1114(2)(D)(v) explicitly provides
5  a cause of action and that there is no question that an action arising under § 1114(2)(D)(v) arises
6  under federal law for purposes of § 1331).

7  In fact, AFN does not dispute that Mann's claim arises under federal law.  Instead, AFN
8  argues that Mann lacked standing under § 1114(2)(D)(v) at the time Mann filed his Complaint
9  because the Domain Name was not transferred to the Court until seven days after the filing of the
10  Complaint.  Under § 1114(2)(D)(v), "[a] domain name registrant whose domain name has been
11  suspended, disabled, or transferred under a policy described under clause (ii)(II) may, upon notice
12  to the mark owner, file a civil action to establish that the registration or use of the domain name by
13  such registrant is not unlawful under this Act."  UDRP is one such policy that has been recognized
14  to give rise to a § 1114(2)(D)(v) claim.  *See Barcelona.com, Inc. v. Excelentisimo Ayuntamiento de*
15  *Barcelona*, 330 F.3d 617, 625 (4th Cir. 2003).  Under UDRP paragraph 4(k), a domain name
16  registrar will implement the decision of an administrative panel unless the registrant provides the
17  registrar with official documentation of a complaint filed at a court with appropriate jurisdiction
18  within ten business days of the decision.  Uniform Domain Name Dispute Resolution Policy,
19  http://www.icann.org/udrp/udrp-policy-24oct99.htm.  If such notice is received, the registrar will
20  take no further action until a new resolution has been reached.  *Id.*  AFN contends that the plain
21  language of § 1114(2)(D)(v) requires the domain name at issue to have been suspended, disabled,
22  or transferred in order to have standing to assert a cause of action.  Mann, on the other hand, asks
23  the Court to interpret the § 1114(2)(D)(v) to cover situations where the domain name has been
24  ordered to be transferred but the actual transfer has not occurred because of the automatic stay
25  prescribed by UDRP paragraph 4(k).

26  As the Ninth Circuit has not dealt with this issue, the Court looks to other Circuits that
27  have had the opportunity to address it.  In *Sallen*, the First Circuit recognized that the domain
28  name was not yet transferred at the time the complaint was filed but nevertheless held that §
1114(2)(D)(v) covers situations where a transfer is inevitable unless a court action is filed.  273

F.3d at 25 n.11. Subsequently, the Second and Fourth Circuit joined the First Circuit in holding that a registrant may bring an action under § 1114(2)(D)(v) so long as the domain name has been ordered to be transferred or deactivated pursuant to UDRP even if the actual transfer or deactivation has not occurred. *See Storey v. Cello Holdings, L.L.C.*, 347 F.3d 370, 383 n.11 (2nd Cir. 2003) (agreeing with the First and Fourth Circuit that "§ 1114(2)(D)(v) encompasses situations in which a UDRP panel has ruled against a domain name and has ordered transfer or deactivation, but in which the order has not yet been implemented because of the Paragraph 4(k) waiting period"); *Barcelona.com*, 330 F.3d at 627 (recognizing that a suit for declaratory judgment and injunctive relief under § 1114(2)(D)(v) "appears to be precisely the mechanism designed by Congress to empower a party whose domain name is subject to a transfer order . . . to prevent the order from being implemented"). The Court finds the other Circuits' reasoning persuasive and notes such ruling is in the interest of preserving scarce judicial resources. AFN agrees that if the transfer of the Domain Name into the registry of the Court was done contemporaneously with the filing of Mann's Complaint, the standing requirement of § 1114(2)(D)(v) would have been satisfied. AFN asks this Court to dismiss Mann's Complaint without prejudice so that Mann can do just that. However, AFN's request will simply bring us back to where we are right now. Following the decisions of the First, Second, and Fourth Circuits, this Court declines to exalt form over substance and finds the UDRP decision triggers the right to sue.

## III.

## CONCLUSION

For the reasons set forth above, Defendant AFN's Motion to Dismiss for Lack of Subject Matter Jurisdiction is **DENIED**.

DATED: July 27, 2007

_____
Hon. Roger T. Benitez
United States District Judge